INGA ANDERSON, Appellant, v. CITY OF FARGO, a municipal corporation, Respondent.

### (186 N. W. 378.)

**Statement of facts.**

1. Plaintiff brought this action against defendant to recover damages for its alleged negligence in maintaining upon a certain school play ground certain apparatus such as troughs, chutes and heavy swings, which were used by the children while attending the school there conducted.

Plaintiff's son, a boy aged thirteen years and three months, while attending the school, and while playing upon said play grounds, was struck and killed by one of the heavy swings.

**Statutory provisions.**

2. The title of all school property of the City of Fargo was vested in the City, for the use of the schools therein, by a special act of the legislature of March 4th, 1885, which act was amended February 2nd, 1915. The same act provided for a Board of Education for the schools of the City, and gave it exclusive control of them, and the further right to purchase, sell, exchange and lease houses or rooms for school purposes and lots or sites for school houses, and to borrow money for school purposes, as provided by the act as amended.

**Municipal corporations — complaint for death of pupil on playground held not to state cause of action against city.**

3. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, which for reasons stated in the opinion, we think, was not error.

Opinion filed Jan. 4, 1922. Rehearing denied Jan. 20, 1922.

Appeal from an order of the District court of Cass county, *Englert,* J.

Order affirmed.

*Taylor Crum, (Aubrey Lawrence, of counsel), for appellant.*

If a board is the agent of the city, the city is liable for its acts and omissions. 33 N. D. p. 69, et seq.

The same doctrine is held in many other cases of which the following are a few. City of Denver v. Spencer, 82 Pac. 590; Burridge v. City of Detroit, 76 N. W. 84; Mahon v. New York, 31 N. Y. Supp. 657; Denver v. Peterson, 36 Pac. 1111; Lowe v. Salt Lake City, 44 Pac. 1050; Weber v. Harrisburg, 64 Atl. 905; Barthold v. Philadelphia, 26 Atl. 304; Silverman v. New York, 114 N. Y. Supp. 59; Powers v. City of Philadelphia, 18 Pa. Super. Co. 621; Briegel v. Philadelphia, 135 Pa. 451, 19 Atl. 1038; Barnes v. District of Columbia, 91 U. S. 540, L. ed. 23, 440; District of Columbia v. Woodbury, 136 U. S. 450, L. ed. 34, 472; Bailey v. the Mayor 3 Hill (N. Y.) 531, Am. Dec. 38, 669; Capp v. St. Louis, 46 L. R. A. (N. S.) 731, 733.

The city of Fargo, by and through all its officers and agents, suffered and permitted the nuisance in question to remain, unsuperintended, on that crowded public play ground for weeks and weeks. Chicago v. Robbins, (U. S.) L. ed. 17, 289; Robbins v. Chicago, (U. S.) L. ed. 18, 427; Gilluly v. City of Madison, 24 N. W. 137; Parker v. Mayor, 99 Am. Dec. 486; Hughes v. City of Fon du Lac, 41 N. W. 407; Schroeder v. City of Barabo, 67 N. W. 27; Watson v. Melford, 45 Atl. 167; Ferris v. Board of Ed. 81 N. W. 98; Town of Suffock v. Parker, 79 Va. 660, 52 Am. Rep. 640; Roman v. City Leavenworth, 133 Pac. 551; See instruction No. 4, 1st col. p. 553; Kansas City v. Siese, 80 Pac. 626.

*W. H. Shure, (B. F. Spalding, of counsel), for respondent.*

A demurrer does not admit conclusions of law, neither does it admit any construction pleaded by the pleader of instruments pleaded or facts imposed by law. 21 R. C. L. 508; A. L. R. 1915E, 926.

It is not sufficient to aver that it was the defendant's duty to perform the act alleged to have been neglected. The facts and circumstances from which the law implies such duty must be alleged. Ward v. Danzeizen, 111 Ill. App. 163.

An averment that certain conduct is the duty of defendant is of no avail where facts are not stated from which the law will create the duty. Illinois Steel Co. v. McNulty, 105 Ill. App. 594.

A complaint for negligence must show the existence of a duty of defendant to exercise due care towards the person injured and a mere allegation that it was defendant's duty to do or not to do a certain act is a conclusion of law and insufficient. Pittsburgh, C. C. & St. L. Ry. Co. v. Leighteiser, 163 Ind. 31 Cyc. 54; 247, 71 N. E. 218; rehearing denied 71 N. E. 660.

The purpose and scope of a corporation is governed by the language of its creation and not by the restricted use of a word or two contained in the act. Vermont Loan & Trust Co. v. Whithed, 2 N. D. 83; Stern v. City of Fargo, 18 N. D. 289; Price v. Fargo, 24 N. D. 440.

Whatever means and instrumentalities are necessary, usual and proper for affectuating the act may be provided therein. Claiborne Co. v. Brooks, 111 U. S. 400; Merrill v. Monticello, 138 U. S. 673.

A school district is as well organized a municipality as a city and may exist with it in territory, in whole or in part, as a city may cover the territory of a county wholly or partially. There is no incompatability between them, and both are separate and different functions. The duties of the others are no part of the ordinary concerns of town or city corporations. Gray on Limitation of Taxing Power, §§ 2148, 2101; Wilson v. Board, 133 Ill. 443, 27 N. E. 203; Adams v. Ewert, 16 S. D. 133, 91 N. W. 474; Tuttle v Polk, 92 Iowa, 433, 60 N. W. 733.

The city is not liable for the negligent acts of the board of education. Sullivan v. Boston, 126 Mass. 540, 9 Am. Law Rep. Ann. 817; McCarten v. City of New York, 133 N. Y. Sup. 939; Brown v. New York City, 66 N. Y. Sup. 382; Diehn v. City of Cincinnati, 25 Ohio State 305.


GRACE, C. J. This appeal is from an order sustaining a demurrer to the complaint. The action is one brought by the plaintiff, a widow, against the defendant, to recover damages on account of the death of her son, a boy of 13 years of age, alleged to have been caused by the negligence of the defendant in maintaining certain school playgrounds, alleged to be owned by the city, upon which certain apparatus, hereinafter more fully described, was alleged to have been maintained by it, and by which, in the circumstances herein mentioned, the boy was struck in the head and killed.

The substance of the complaint will be mentioned in order that it may be determined whether the trial court erred in making its order sustaining the demurrer. It contains allegations to the effect that the

city of Fargo was incorporated as a municipal corporation on the 12th day of April, 1875, under an act to incorporate the city of Fargo, approved March 5, 1875; that on or about the month of April, 1913, the defendant adopted the commission form of government pursuant to the provisions of chap. 77, Laws North Dakota 1911; that a copy of the Act of March 4, 1885, being a special law providing for a board of education for the city of Fargo, is made a part of the complaint, and an amendment of that act approved February 2, 1915 (Laws 1915, chap. 125), amending § 14, and repealing § 24 thereof; that in April, 1885, defendant by vote of the people organized its board of education; that the members thereof became elective officers of the defendant, a municipal corporation; that the defendant has since 1885 conducted its public schools pursuant to the provisions of the Act of March 4, 1885, and the amendment thereto; that among other real estate owned by the defendant is block 3 of Darling's addition to the city of Fargo, on which there is a certain public school building designated as "the Aggasiz School"; that at all times during the year 1920, and since, the title and ownership, control and possession of the schoolhouse, the furniture, books, and apparatus and of block 3 and all appurtenances thereof were vested in defendant; that upon the west side of block 3 is a public playground, used and frequented, and permitted to be used and frequented, by more than 500 children, ranging from 6 to 15 years of age; that upon the playground the defendant, through its officers, agents, and servants, the said board of education, wilfully and negligently, and by reason of carelessness and wrongful acts and omission of its said officers, agents, and servants, and for want of due attention to its duties, erected and suffered to be erected, and permitted to remain for several weeks prior to December 1, 1920, upon such school playground, and in a public and notorious manner, two chutes or inclined troughs, the summits of which were 8 or more feet in height, and accessible to children by means of permanent iron ladders from which the chutes or inclined troughs sloped towards the west at a steep grade to the ground; that a few feet in a westerly direction from these chutes the defendant, through its officers, agents, and servants, publicly and notoriously erected, and permitted to remain for several weeks prior to December 1, 1920, several series of heavy swings, the same being contrivances and apparatus adapted for people to swing upon to and fro, and were constructed of wood and were suspended from poles or timbers which were fastened or attached

to the tops of posts or poles more than 12 feet in height with wooden iron-bound or iron-mounted planks, each suspended by heavy iron chains attached to said poles or timbers, which swings, when in operation, from east to west and from west to east, were wholly unguarded or superintended by any teacher or any adult person, and were unprotected by any fence or barrier whatsoever, and without any mattress or netting thereunder; that the chutes and swings were not a part of the original plan of the public school building or public school playground, and were foreign to the original plan provided for, accepted, and used in building said public schoolhouse and running of said public resort at said public school playgrounds; that said chutes and swings were, by the neglect or by the positive act and permission of the defendant, through its officers, agents, and servants located and constructed, or permitted to be constructed, and for several weeks to remain, so as to constitute an eminently dangerous, constant, continuous, and, as to children, an attractive, enticing, inexcusible, and alluring, public nuisance, which said danger was patent and obviously apparent to any adult person of ordinary intelligence and caution; that defendant, by and through its officers, agents, and servants, did by locating, erecting, and maintaining, and by permitting such apparatus to be located, erected, and maintained did perform and suffer to be performed a wilful malfeasance and did so wilfully, carelessly, and negligently permit said chutes and swings to remain on said public resort and public school playgrounds for several weeks without any supervisors, and without taking precaution to protect children lawfully on the grounds from being injured and killed thereby; that on the 1st day of December, 1920, one John William Anderson, age 13 years and 3 months, in good and robust health, and while lawfully on said public playground, and under legal compulsion to attend that school, and while in the vicinity of the chutes and swings with other children, innocently yielded to the instincts of childhood and was sliding, running, and playing on or about such apparatus, as more than 500 other children were wont and likely to do, was struck in the head and neck by one of the heavy iron-bound or iron-mounted plank swing seats, and mortally wounded thereby, and within a few minutes thereafter, without regaining consciousness, languished and died, as the direct and immediate result of having been so struck, and this without the fault and negligence of the plaintiff or the deceased, considering his age and the surroundings, but was wholly caused by the presence on the public school

playground of said nuisance, of which the defendant was in duty bound to take notice and abate, but which, on the contrary, it allowed and permitted to remain for several weeks prior to and on the 1st day of December, 1920, which was a great risk and hazard and mortal danger to the 500 children; that plaintiff is a widow, 42 years of age, with three living daughters, ages respectively 15, 9, and 6 years, who are wholly dependent upon the plaintiff for their education, care, and support; that her son, the deceased, in addition to his school and domestic tasks, was at the time of his death, and for some time prior thereto, earning and contributing about $20 per month toward the support of himself, the plaintiff, and the three sisters, and was likely to be, and was, the sole person upon whom plaintiff depended, and was likely to depend, for assistance for her own and daughters' support; that plaintiff was damaged in the sum of $200 expended for burial expenses and for a physician called when the said son was killed, and has sustained further damages by reason of the death of her son in the sum of $25,000.

Defendant demurred to the complaint. One of the grounds of demurrer was that the complaint does not state facts constituting a cause of action against the defendant. If it appear plainly from the face of the complaint the plaintiff has no cause of action against the defendant, then there was no error in the order of the court sustaining the demurrer.

It will be observed that the plaintiff has pleaded the act of March 4, 1885, providing for a board of education for the city of Fargo, and the amendatory act thereof, approved February 2, 1915. If it should appear from these that the board of education of the city of Fargo is a distinct corporate entity from the municipal corporation of the city of Fargo, and that the former has control and dominion over all the schools of Fargo, including the school buildings, school grounds, and school playgrounds, all school apparatus, the right to buy or sell school property, the right to issue bonds for school purposes, and the right to sue and be sued, and this free and clear from any right of interference by the city of Fargo, then we think that it must be clear that, if the plaintiff has any cause of action, it is not one against the city of Fargo; we think the complaint on its face so shows, and hence it does not state facts sufficient to constitute a cause of action. Ample support of this conclusion is contained in the act providing for the board of education. Section 7 thereof is as follows:

"The board of education shall be a body corporate in relation to all

the powers and duties conferred upon them by this act, to be styled 'the board of education of the city of Fargo,' and, as such, shall have power to sue and be sued, to contract and be contracted with, and shall possess all the powers usual and incident to bodies corporate, as shall herein be given, and shall procure and use a common seal. A majority of the members of said board shall constitute a quorum for the transaction of business."

Now, if the board of·education has the power to sue and be sued, with reference to any matter pertaining, affecting, or arising out of the carrying on or the government, of the schools of Fargo, then it must be evident that the city of Fargo does not have such right. Likewise, if the board has the right to contract and be contracted with, with reference to any matters affecting the schools or school property, then it is clear that such right does not exist in the city of Fargo. This reasoning will appear the more clear on examination of the language of § 11, which in substance provides that:

The board has the power to purchase, exchange, lease or improve sites for schoolhouses; to build, purchase, lease, enlarge, alter, improve and repair schoolhouses and their out houses and appurtenances; to procure, exchange, improve, and repair school apparatus, books, furniture and appendages, but the powers herein granted shall not be deemed to authorize the furnishing of class or text books to any scholar whose parents or guardian is able to furnish the same; to provide fuel and defray the contingent expenses of the board, including the compensation of the secretary; to pay teachers' wages, after the application of public money which may by law be appropriated for that purpose. It also has the power to levy a tax in such sums as may be determined by them to be necessary and proper to accomplish any of the foregoing purposes

Under § 14, as amended by chap. 125 of Session Laws 1915, the board is authorized, and it is made its duty, whenever it deems it necessary to the efficient organization, establishment, and maintenance of the schools of the city, and when the taxes authorized by the act are not sufficient or not deemed burdensome upon the taxpayers, to issue the bonds of the city in the manner and under the conditions specified in the act.

Under § 18, the board is authorized to establish and maintain as many schools in the city as they deem requisite and expedient. In that

section are many other extensive powers not necessary here to set forth in detail.

Under § 21, while the title of all school buildings, sites, lots, furniture, books, apparatus and appurtenances is vested in the city of Fargo, it is so vested to be exclusively used for school purposes; any of such school property could not be levied upon or sold on any process issued on a judgment against the city. In other words, as we construe that section, the city of Fargo holds the naked legal title of the school property for the exclusive use and benefit of the schools and the school system of Fargo.

We think it is clear not only from the provisions of § 7, supra, but from the provisions as well of other sections to which reference above has been made, that the board of education of the city of Fargo is a body corporate, and as such is exclusively charged with the control and management of all the school property of Fargo, and has full and complete dominion over it, and power to deal with it as hereinbefore mentioned, and, this being true, if plaintiff has any cause of action by reason of the matter stated in her complaint, it is not against the city of Fargo, but against the board of education, and we think the complaint so shows.

We are not called upon in this case to determine whether plaintiff has a cause of action against the board of education. It will be time enough to determine that question when it reaches here, if it ever does. If it should be presented, it will present several important legal questions for decision, not necessary here to mention.

We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action, and that it further shows that the defendant is not a proper party to the action, and that the demurrer interposed is broad enough to include both of these grounds of demurrer. We are further of the opinion that the trial court did not err in sustaining the demurrer. Its order in that respect is affirmed. Defendant is entitled to his costs and disbursements on appeal. The case is remanded to the district court, and it is directed to enter an order of dismissal of the action.

BIRDZELL, CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.